**Reverse and Remand and Opinion Filed August 23, 2013**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

**No. 05-11-00540-CV**

**IN THE INTEREST OF A.A., A CHILD**

**On Appeal from the 256th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-18734-Z**

## MEMORANDUM OPINION
Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Appellant Pedro Albarran appeals from the trial court's denial of his bill of review. In three issues, appellant argues: (1) the trial court erred in denying appellant's bill of review since the order confirming non-agreed child support review order is void for lack of personal jurisdiction; (2) the notice served upon appellant is violative of the elements of due process of law and therefore insufficient to confer jurisdiction upon the trial court; and (3) the trial court's failure to make findings of fact and conclusions of law was harmful error. We reverse and remand.

## Background

On June 11, 2008, a negotiation conference was held to establish the parent-child relationship pursuant to chapter 233 of the family code. Appellant did not appear at the

conference. On June 16, 2008,[1] the Office of the Attorney General ("AG") filed an original petition for confirmation of non-agreed child support review order and requested a hearing. On September 10, 2008, appellant was served with a Form #329 Notice ("Notice") and the petition for confirmation of non-agreed child support review order. The Notice stated, "the Court sets the above styled and numbered cause for hearing on the Petition for Confirmation of the non-agreed proposed Child Support Review Process Order" and provided the location for the hearing. The Notice did not provide the date or time of the hearing.

Appellant did not respond to the Notice and did not request a hearing. The trial court confirmed the non-agreed child support review order on March 26, 2009. Among other things, the order established appellant's paternity of A.A. and ordered appellant to pay child support.

On October 25, 2010, appellant filed his original petition for bill of review to set aside the default March 26, 2009 non-agreed child support review order. Following a hearing on his petition, the trial court denied appellant's bill of review.

**Analysis**

Because it is dispositive of this appeal, we begin with appellant's second issue in which he contends the Notice served upon him is violative of the elements of due process of law and, therefore, insufficient to confer jurisdiction upon the trial court.

When a timely request for a court hearing has been filed, the court shall hold a hearing on the confirmation of a child support review order that has not been agreed to by the parties not later than the 30th day after the date the request was filed. TEX. FAM. CODE ANN. §233.026(a). A request for hearing on an order setting a hearing on confirmation of a non-agreed child support review order stays confirmation of the order pending the hearing. *Id.* at §233.025. Chapter 233;

---

[1] Our record does not include a copy of the original petition for confirmation of non-agreed child support review order, but we have gleaned the filing date from elsewhere in the record.

however, is silent as to the notice requirements for a hearing on the petition for confirmation of a non-agreed child support review order.

Without specific guidance from the legislature, we turn to the more general guiding principles of due process of law. Due process expresses the requirement of "fundamental fairness." *See Lassiter v. Dept. of Social Servs. Of Durham County, N.C.*, 452 U.S. 18, 25 (1981). A fundamental requirement of due process "in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965) (citing *Milliken v. Meyer*, 311 U.S. 457 (1940); *Grannis v. Ordean*, 234 U.S. 385 (1914); *Priest v. Bd. of Trustees of Town of Las Vegas*, 232 U.S. 604 (1914); *Roller v. Holly*, 176 U.S. 398 (1900)).

In the case before us, the AG requested a hearing[2] and the trial court confirmed the non-agreed child support review order, which among other things, established appellant's paternity of A.A. and ordered appellant to pay child support. However, the Notice failed to include the time and date of the hearing on the petition for confirmation of a non-agreed child support review order. There is no evidence appellant waived his right to receive such notice. *See In the Interest of T.P.H.*, No. 01-09-01021-CV, 2011 WL 1745184, at *2 (Tex. App.—Houston [1st Dist.] May 5, 2011, no pet.) (not designated for publication) (record contained a waiver of service and appellant conceded he received notice of the originally scheduled hearing). We, therefore, conclude the failure to provide notice of the time and date of the hearing violated appellant's right to due process. *See, e.g., Garza v. Maverick Market, Inc.*, 768 S.W.2d 273, 280 (Tex. 1989) (citing *Stanley v. Illinois*, 405 U.S. 645, 657-58 (1972) (failure to give unwed father timely

---

[2] We agree with the AG's statement at the bill of review hearing that it was not required to request a hearing. TEX. FAM. CODE ANN. §233.0271. However, once it did, fundamental fairness dictates we apply the requirements of due process of law. *See Lassiter*, 452 U.S. at 25.

notice of hearing affecting parent-child relationship violated due process). We sustain appellant's second issue on appeal.

Because appellant's second issue is dispositive of this appeal, we do not reach appellant's remaining issues. We reverse and vacate the trial court's confirmation of the non-agreed child support review order and remand to the trial court to provide proper notice to the parties and conduct a hearing on the petition for confirmation of a non-agreed child support review order.

/David L. Bridges/
DAVID L. BRIDGES
110540F.P05                                                    JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE: IN THE INTEREST OF A.A., A
CHILD

No. 05-11-00540-CV

On Appeal from the 256th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-18734-Z.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED and REMANDED** as follows:

We **VACATE** the confirmation of the non-agreed child support review order and **REMAND** to
the trial court to provide proper notice to the parties and conduct a hearing on the petition for
confirmation of a non-agreed child support review order.

It is **ORDERED** that appellant Pedro Albarran recover his costs of this appeal from
appellee.

Judgment entered August 23, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE